**Albert E. NASSER, et al., Petitioners,**

v.

**FEDERAL HOME LOAN BANK BOARD, etc., Respondent.**

**No. 83–7064.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 1983.

Decided Jan. 20, 1984.

---

4.  See note 3.

Albert E. Nasser, Irvine, Cal., for petitioners.

Peter R. Taft, Munger, Tolles & Rickershauser, Los Angeles, Cal., for respondent.

Before SKOPIL, FERGUSON and CANBY, Circuit Judges.

FERGUSON, Circuit Judge:

Plaintiffs, formerly 0.11% minority shareholders of Household Federal Savings and Loan Association (HFS & LA), bring this appeal to set aside two resolutions of the Federal Home Loan Bank Board (Bank Board) which approved a reorganization of HFS & LA. The several-step reorganization involved the transfer of ownership to a newly formed corporation, HFC Corp., and a merger with a specially chartered interim, or "phantom," savings and loan institution. *See* 47 Fed.Reg. 17797 (1982). As a result of these transactions, the plaintiffs lost their 0.11% interest in HFS & LA and received a pro rata interest in HFC Corp.

Nasser brought this action under 12 U.S.C. § 1730a(k), which provides in part that "[a]ny party aggrieved by an order of the [Federal Savings and Loan Insurance] Corporation under this section may obtain a review of such order by filing in the court of appeals of the United States for the circuit in which the principal office of such party is located." Because Nasser did not appeal an order of the Federal Savings and Loan Insurance Corporation [FSLIC] under 12 U.S.C. § 1730a, this court lacks jurisdiction and the appeal is dismissed.

DISCUSSION

The actions challenged in this case are two resolutions of the Bank Board: (1)

chartering the interim federal association in which HFC Corp. would be the sole depositor, and (2) approving the merger of the HFS & LA into this interim federal association. By these resolutions the Bank Board approved the transfer of ownership of HFS & LA from its previous stockholders, plaintiffs and Household Finance Corporation, which owned 99.89% of the stock, to HFC Corp.

As an acquisition of a federal savings and loan association by a new holding company, this transaction would ordinarily require prior approval by the FSLIC under 12 U.S.C. § 1730a(e)(1) and 12 C.F.R. § 584.4. However, this transaction fell within an exception to that general rule, which provides that no such approval is required

> in connection with the control of an insured institution ... (ii) acquired in connection with a reorganization in which a person or group of persons, having had control of an insured institution for more than three years, vests control of that institution in a newly formed holding company subject to the control of the same person or group of persons.

12 U.S.C. § 1730a(e)(1)(B). *See also* 12 C.F.R. § 584.4(b)(2).

HFS & LA submitted an Information Statement concerning the proposed reorganization, as required by 12 C.F.R. § 584.4–1, and received the agreement of the Supervisory Agent of the Federal Home Loan Bank of San Francisco on August 9, 1982 that the proposed reorganization would fit within the exception and would not require pre-approval. Accordingly, no approval of the acquisition was sought from, or issued by, the FSLIC. However, Bank Board approval was required and obtained.

This case is distinguishable from *Fort Worth National Corp. v. FSLIC,* 469 F.2d 47 (5th Cir.1972) in which an order of the Bank Board was construed to be an order of the FSLIC within the meaning of section 1730a(k). In *Fort Worth,* the FSLIC action challenged was its disapproval of an acquisition under 12 U.S.C. § 1730a(e). *Id.* at

50–51. Coincidentally, the Bank Board, "because of its responsibility for direction of the Corporation," *id.* at 51, issued the appropriate order. The authority to approve or disapprove the questioned action was defined in section 1730a, and the order appealed was thus an order of the FSLIC. In this case the transaction was exempt from approval under section 1730a by virtue of section 1730a(e)(1)(B)(ii), and so the resolutions of the Bank Board cannot be construed as orders of the FSLIC under that section.

This appeal raises objections only to the Bank Board's approval of the chartering of the interim institution under 12 C.F.R. § 543.5 and the combination of the interim institution with HFS & LA under 12 C.F.R. § 552.13. Both of these actions involve regulatory standards and procedures different from those applied by the FSLIC to acquisitions by federal savings and loan holding companies under 12 U.S.C. § 1730a. *Compare* 12 C.F.R. §§ 552 (combinations) and 543 (charter) *with* 12 C.F.R. § 584.4 (acquisition). The petition therefore cannot reasonably be read as a challenge to action taken under section 1730a. The challenged action did not fall within the authority of the FSLIC, and cannot be appealed under 12 U.S.C. § 1730a(k). Nasser has moved to amend his petition to name the FSLIC as respondent. The addition of the FSLIC, however, would not cure the jurisdictional defect because no action of that agency is implicated in this case. Consequently, Nasser's motion to amend is denied.

Nasser also asserts jurisdiction under the fifth amendment to the United States Constitution and the federal Administrative Procedures Act, 5 U.S.C. § 702. Jurisdiction is not proper on either of these bases because both such actions would have to originate in the district court. 28 U.S.C. § 1331. *See Federal Home Loan Bank Board v. Elliott,* 386 F.2d 42, 50–51 (9th Cir.1967), *cert. denied,* 390 U.S. 1011, 88 S.Ct. 1260, 20 L.Ed.2d 161 (1968) (review of Bank Board orders under 12 U.S.C. § 1464 in the district court).

This appeal therefore is DISMISSED.